Robinson, J.
William Borton died, leaving a last will and testament, which, was duly admitted to probate. The fourth item of the will provides:
“Fourth. I give, devise and bequeath to my children, John N. Borton, Arthur W. Borton, Charles L. Borton and Sarah E. Humphrey, subject to the life estate of my said wife, Regina Borton, or in the event of her remarriage, all my real estate of which I die seized, and my will is that in the event of the death of any of my said children before the death or remarriage of my said wife, Regina Borton, that the share willed such child or children shall go to and be vested in the heirs of the body of such deceased child or children if there be such heirs, and if there are no such heirs then the share willed such child or children is to go to and be vested in my heirs at law, according to the laws of descent of estates in the State of Ohio. Each of my said children is to share alike in my estate.”
The widow of the testator is still living and has not remarried. John N. Borton died intestate, leaving John V. Borton, Vera E. Griffin, Gladys J. Borton, William H. Borton, Ada E. Borton, and Bessie R. Borton, his children, his only heirs at law. The estate of John N. Borton is indebted to the estate of William Borton in the sum of $1,300. The estate of John N. Borton is insolvent.
This is an action to construe the fourth item of the will of William Borton with reference to the liability of the estate of the children of John N. Bor *282 ton to be charged with the indebtedness of the estate of John N. Borton to the estate of William Borton.
The court of common pleas, and the Court of Appeals on error, held that the children of John N. Borton, upon his death subsequent to that of William Borton and prior to the death or remarriage of the widow of testator, took an estate in fee by devise from William Borton, which estate was not subject to the debts of the estate of John N. Borton.
It is the contention of the plaintiffs in error that the children of John N. Borton take -in a representative capacity, and that, since their father took the estate subject to the burden of his indebtedness to the estate of the testator, they also take the estate subject to the same burden. It will be observed that, while the possession of the estate devised to John N. Borton was deferred until the death or remarriage of the widow of testator, it was not within the power of the widow or any one else to defeat the estate devised. He took a vested estate, subject to being divested thereof upon the happening of his decease before the decease or remarriage of the widow of testator. His estate therein was subject by law to the burden of his indebtedness to the estate of the testator, and any estate which he could pass by will, or by the law of descent and distribution, to his children, or to his heirs at law, would pass subject to the burden of his indebtedness to the estate of the testator.
In the instant case, however, by the terms of the devise, the son’s estate in the lands devised was to terminate upon the happening of an event which might or might not occur. The contingency oe *283 curred, and thereupon the son’s estate in the lands terminated, leaving him no estate which he could pass by will or which could descend by the law of descent and distribution. His children’s title is in no sense dependent upon the law of descent and distribution, nor upon any devise or conveyance from him, but they take by devise directly from their grandfather, William Borton.
But it is contended by the plaintiffs in error that, since the children of John N. Borton take the real estate which he would have taken in fee simple, had he survived the testator’s widow, or in event of her remarriage, they are of the same degree of kinship to John N. Borton, and take the estate in equal proportions—that therefore they take per stirpes, and come within the rule announced in 2 Woerner’s Law of Administration (2d Ed.), Section 554:
“A sound rule seems to be, that in all cases where grandchildren take per stirpes, or in right of their parents, they take subject to advancements to the parents; but not so when they take per capita, or in their own right. This principle applies to debts as well as to advancements.”
It will be observed that this author in this paragraph uses the words “per stirpes” as synonymous with the words “in right of their parents,” and uses the words “per capita” as synonymous with the words “in their own right.” It often occurs, as in the instant case, that the share passing to each beneficiary by the will is the same, whether it passes per stirpes or per capita. The share devised to the children of John N. Borton, in the event of his death prior to the death or remarriage of the widow of testator, was the same share of the estate of the tes *284 tator that was devised to John N. Borton, and would have become a fee simple in him, had he survived the widow of testator, or in event of her remarriage, and the share taken by the children of John N. Borton under the will of William Borton necessarily is the same share, and in the same proportion, as they would have taken, had their father himself survived the widow of testator and died intestate; yet the fact that they take the same share and take it in the same proportion between themselves does not determine that they take it per stirpes.
The essential of a taker per stirpes is that he takes in a representative capacity and stands in the place of a deceased ancestor; but, where the will of a testator provides the mode of succession and carves the estate devised into one or more estates for life, and devises the remainder to persons by name, or by description, it is not significant, when the attempt to create the line of succession does not result in the creation of a fee simple in a first or intermediate taker, whether the successors to the remainder happen to be the same persons who would have taken by the law of descent and distribution, and therefore per stirpes, or whether they are persons who would have been excluded by the law of descent and distribution.
It must be and is conceded that John N. Borton in his lifetime could not have incumbered or conveyed the estate devised to him to the prejudice of the heirs of his body in the event of the happening of the event which terminated his estate therein. It is also conceded that the children of John N. Borton take the estate in remainder by devise from William Borton. These concessions make the posi *285 tion of the plaintiffs in error wholly untenable. The estate in remainder that the children of J ohn N. Borton take by devise from William Borton is not different in character from the estate which they or a. stranger in blood would have taken, had they been designated by name; they take in their own right, and the text is an authority against plaintiffs in error.
Plaintiffs in error cite the cases of Parsons v. Parsons, 52 Ohio St., 470, 40 N. E., 165; Martin v. Martin, Admr., 56 Ohio St., 333, 46 N. E., 981; Keener v. Hunter, 62 Ohio St., 616, 57 N. E., 454, and Baker v. Carpenter, Exr., 69 Ohio St., 15, 68 N. E., 577, in support of their theory that the children of John N. Borton take in a representative capacity, and therefore subject to the burden of the indebtedness of John N. Borton to the estate of the testator. These cases, with the exception of the latter, involve the liability of the estates which descend to grandchildren from an intestate, by the law of descent and distribution, to respond for the indebtedness of their parent to the estate of the intestate. Necessarily, under the law of descent and distribution, the second generation takes in a representative capacity, in the right of a deceased parent, per stirpes, and such estate descends with its burdens attached.
The case of Baker v. Carpenter, Exr., supra, involves the liability of the estate taken by grandchildren, whose parent died prior to the death of the testator; such children taking, not by virtue of any devise to them, but by virtue of General Code, Section 10581, which provides:
“When a devise of real or personal estate is made to a child or other relative of the testator, if such *286 child or other relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, in either ease such issue shall take the estate devised as the devisee would have done, if he had survived the testator.”
Where the testator devises the estate to a child dead, or who dies prior to the death of testator, the statute makes the taking by the children of such deceased child a taking by the law of descent, and hence in a representative capacity, per stirpes, but has no bearing upon the character of the estate taken by grandchildren by devise direct from a grandparent.
In the instant case the grandchildren take, not by virtue of a statutory enactment, but by devise from the testator, the same as any other devisee, and the character of the estate is determined by the will and not by the law of descent and distribution. The testator, exercising his right to dispose of his estate, devised a portion of it to the heirs of the body of John N. Borton upon the happening of a certain contingency. He could have burdened his devise to them with the indebtedness of John N. Borton, or could have made any other charge thereon, but did not. The general declaration, “each of my said children is to share alike in my estate,” is not effective to burden the devise to the grandchildren, because, if for no other reason, they neither come within the classification of devisees whom he declares are to share alike nor take as representatives of any one of such class.
It is not the province of a court, because, perchance, a will as made may not work exact equity, to interpret the unambiguous provisions of such *287 will to accomplish the court’s notion of what such will ought to have contained. The judgment of the Court of Appeals will he affirmed.

Judgment affirmed.

Jones, Matthias and Allen, JJ., concur.